## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, RAYMOND COLLETTE ("Plaintiff") and, on the other hand, SUFFOLK AUTO DRIVING SCHOOL, INC., TWIN COUNTY DRIVING SCHOOL, INC. and JOSEPH CURATOLO (collectively as "Defendants") (Defendants and Plaintiff collectively, the "Parties" and each individual party a "Party").

**WHEREAS**, on or about March 21, 2023 Plaintiff initiated legal action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), entitled *Collette, et al. v. Suffolk Auto Driving School, Inc., et al.*; 23-cv-2149 (NRM) (ST) (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages and record keeping violations; and,

**WHEREAS**, in the Action, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime, minimum wages, and other wages due in connection with services that he performed on Defendants' behalf, failed to provide him with complete and accurate wage notices and statements, and retaliated against him in violation of the FLSA and NYLL, and under New York common law; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Action, or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration**

The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 3 below. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid wages and other alleged damages relating to his FLSA and NYLL claims, and his pleaded New York common law claims, from the commencement of his employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

## 2.    Settlement Amount and Payment

a.    As a full settlement and final satisfaction of the FLSA and the NYLL claims, and his pleaded New York common law claims, that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiff the total sum of Forty-Seven Thousand Five Hundred Dollars and Zero Cents ($47,500.00) (the "Settlement Amount") within Twenty-One Days (21) days of the Court judicially approving this Agreement and dismissing the Action with prejudice, as follows:

i.    a check made payable to "RAYMOND COLLETTE" in the amount of Fifteen Thousand Two Hundred Fifteen Dollars and Sixty-Seven Cents ($15,215.67), representing payment of alleged unpaid wages, from which all applicable federal, state, and local income and other taxes will be withheld and reported on an IRS Form W-2;

ii.    a check made payable to "RAYMOND COLLETTE" in the total amount of Fifteen Thousand Two Hundred Fifteen Dollars and Sixty-Seven Cents ($15,215.67) representing payment of alleged non-wage civil monetary damages, without any withholdings or taxes, which shall be reported on an IRS Form 1099-MISC, Box 3;

iii.    a check made payable to "ROMERO LAW GROUP PLLC" in the amount of Seventeen Thousand Sixty-Eight Dollars and Sixty-Six Cents ($17,068.66) representing attorneys' fees in the amount of $15,215.67 and reimbursement for litigation costs and disbursements in the amount of $1,853.33, to be reflected on an IRS Form 1099-MISC, Box 10.

b.    The payment set forth in this Paragraph shall be delivered to David D. Barnhorn, Esq. at the Romero Law Group PLLC, 490 Wheeler Road, Suite 277, Hauppauge, NY 11788.

c.    Contemporaneously with the delivery of this Agreement executed by Plaintiff to Defendants, Defendants shall receive a fully executed IRS Forms W-4 and W-9 from Plaintiff and a fully executed IRS Form W-9 from Plaintiff's attorneys.

d.    Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to his FLSA and NYLL claims, and his pleaded New York common law claims.

### 3.    Release of All FLS and NYLL Claims, and Certain New York Common Law Claims

Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid overtime wages, minimum wages, regular wages, spread of hours pay, tips, liquidated damages, statutory penalties, pay frequency violations, record-keeping violations, interest, claims for retaliation, and attorneys' fees and disbursements under the wage and hour provisions of the FLSA, the NYLL, for claims of unjust enrichment and quantum meruit under the New York common law, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the Effective Date (as defined below) of this Agreement. Plaintiff hereby completely releases all wage and hour claims against Defendants, and all affiliated persons or entities, including, but not limited to, any present or former owners, parents, subsidiaries, divisions, affiliated entities, employee benefit plans, investors, insurers, joint ventures, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity and any otherwise related persons or entities (collectively "Releasees"), and releases and forever discharges Releasees with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Releasees from the beginning of time up to and including the Effective Date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, for claims of unjust enrichment and quantum meruit under the New York common law, and their respective governing regulations, including any and all claims brought in the Action.

### 4.    Collective/Class Action Waiver

If any wage and hour claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Releasees are a party. If any wage and hour claim is not barred by this Agreement, all monies paid hereunder shall be set-off against any relief or recovery.

### 5.    Taxes

Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by him with respect to the above payment in Paragraph 2. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any, that are ordinarily paid by employees. Plaintiff and Plaintiff's counsel further agree to indemnify and hold Defendants harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiff's or counsel's failure to pay taxes for which that individual is responsible. In paying the amount specified in Paragraph 2, Defendants make no representation regarding the tax consequences or liability arising from said payment. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or by anyone on his behalf or his counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

6. **Covenant Not to Sue**

Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing Party.

7. **Filing of Stipulation of Dismissal with Prejudice**

The Parties hereby authorize their respective counsel to execute a Stipulation of Dismissal with Prejudice contemporaneously with the execution of this Agreement, which will be filed with the Court along with Plaintiff's Motion for FLSA Settlement Approval.

8. **No Admission of Liability**

Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **No Pending Claims**

Plaintiff hereby represents that other than this Action, there are no other pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against Defendants with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

10. **Breach**

If it is established that any Party breached this Agreement, as determined by a court of competent jurisdiction, then the non-breaching Party shall be entitled to proven damages and an award of reasonable attorneys' fees and costs incurred in enforcing his/her/its rights under this Agreement, provided that the non-breaching Party is a prevailing Party.

11. **Choice of Law and Forum**

This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in the County of Suffolk, State of New York; or, (ii) the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties

consent to the personal jurisdiction of those courts. The Parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement. Subject to the Court's approval, the Court shall retain jurisdiction over this matter to enforce the terms of this Agreement.

**12.    Employment References**

Any request for a reference with respect to Plaintiff will be referred to Katherine Barth. The Company will limit any response to confirming Plaintiff's title and dates of employment, and shall further state that in accordance with Defendants' policy, no further information can be provided beyond this neutral reference.

**13.    Effective Date**

This Agreement shall become effective as of the date that it is approved by the Court.

**14.    Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, term sheets, promises, understandings, or representations, whether oral or written, express or implied, including any arbitration agreements, if any, between the Parties hereto regarding the subject matter herein. There is no other agreement pertaining to the subject matter herein except as stated herein. Each Party acknowledges that the other has made no promises relating to the subject matter herein other than those contained in this Agreement.

**15.    Release Notification**

Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with David Barnhorn, Esq. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that he understands the terms of this agreement and that he is signing this agreement voluntarily.

**16.    Severability**

The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**17.    Modification and Waiver**

This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may

be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

### 18.    Neutral Construction and Fair Meaning

Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

### 19.    Counterparts

This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

### 20.    Headings

The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

### 21.    Facsimile, Email, and Electronic Signatures

A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the Parties hereby waive any objection to the contrary.

### 22.    Competence and Authority to Execute Agreement

The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

**The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement. Plaintiff affirms that this Agreement has been read to him in Spanish.**

- 6 -

**WHEREFORE, the Parties have executed this Agreement on the date shown below.**

**AGREED:**

*Raymond H Collette*
Raymond H Collette (Jul 8, 2024 18:07 EDT)
_____
**RAYMOND COLLETTE**

Dated: 07/08/24 _____


_____
**SUFFOLK AUTO DRIVING SCHOOL, INC.**
By: Joseph Curatolo

Dated: _____


_____
**TWIN COUNTY DRIVING SCHOOL, INC.**
By: Joseph Curatolo

Dated: _____


_____
**JOSEPH CURATOLO**

Dated: _____

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

*Raymond H Collette*
Raymond H Collette (Jul 8, 2024 18:07 EDT)
RAYMOND COLLETTE

Dated: 07/08/24

_____
SUFFOLK AUTO DRIVING SCHOOL, INC.
By: Joseph Curatolo

Dated: 07/10/24

_____
TWIN COUNTY DRIVING SCHOOL, INC.
By: Joseph Curatolo

Dated: 07/10/24

_____
JOSEPH CURATOLO

Dated: 07/10/24